

# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us      My Account      

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

◄◄ BACK

**MSP RECOVERY CLAIMS, SERIES LLC VS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-023758-SP-25 | **Filing Date:** | 08/22/2022 |
| **State Case Number:** | 132022SC023758000025 | **Judicial Section:** | CG03 |
| **Consolidated Case No.:** | N/A | **Case Type:** | SP Insurance Claim (Up to $5,000) |
| **Case Status:** | OPEN | | |

👥 Parties                                   Total Of Parties: 2  ➕

🔧 Hearing Details                           Total Of Hearings: 0  ➕

📶 Dockets                                    Total Of Dockets: 9  ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 8 | 09/03/2022 | | Uniform CM Order Setting PT Deadlines and Related Requirements | Event | |
| 📄 | 7 | 09/01/2022 | | Notice of Service of Process | Event | Parties: State Farm Mutual Automobile Insurance Company |
| | | 08/29/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 08/29/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 4.** Parties: State Farm Mutual Automobile Insurance Company |
| | 5 | 08/27/2022 | | Receipt: | Event | **RECEIPT#:3230317 AMT PAID:$10.00 NAME:JIMENEZ, ROBERT 800 BRICKELL AVE STE 1400 MIAMI FL 33131-2971 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:08/27/2022 REGISTER#:323 CASHIER:EFILINGUSER** |
| 📄 | 4 | 08/26/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 08/24/2022 | | Receipt: | Event | **RECEIPT#:3180024 AMT PAID:$80.00 NAME:JIMENEZ, ROBERT 800 BRICKELL AVE STE 1400 MIAMI FL 33131-2971 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 2100-COUNTY FILING FEE 1 $80.00 $80.00 TENDER TYPE:EFILINGS TENDER AMT:$80.00 RECEIPT DATE:08/24/2022 REGISTER#:318 CASHIER:EFILINGUSER** |
| 📄 | 2 | 08/22/2022 | | Statement of Claim | Event | **8000** |

9/14/2022

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 1 | 08/22/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◄◄ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.





**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>MSP Recovery Claims, Series LLC</u>
Plaintiff                                                          Case # _____
                                                                        Judge _____

vs.

<u>State Farm Mutual Automobile Insurance Company</u>
 Defendant

## II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

## III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   3

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Robert Ralph Jimenez        Fla. Bar # 72020
     Attorney or party                (Bar # if attorney)

Robert Ralph Jimenez            08/22/2022
  (type or print name)              Date

Case 1:22-cv-23016-KMM   Document 1-1   Entered on FLSD Docket 09/20/2022   Page 6 of 49

IN THE COUNTY COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MSP Recovery Claims, Series LLC,

     Plaintiff,                          CASE NO.:

State Farm Mutual Automobile
Insurance Company,

     Defendant.

_____/

## COMPLAINT

Plaintiff, MSP Recovery Claims, Series LLC ("Plaintiff" or "MSP Recovery") files this Complaint against State Farm Mutual Automobile Insurance Company ("Defendant").

## OVERVIEW

1.     This is an action under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq., to enforce the right of reimbursement of Medicare conditional payments pursuant to 42 U.S.C. § 1395y(b) and 42 U.S.C. § 1395w-22(a)(4). MSP Recovery seeks to recover certain conditional payments of Medicare benefits that its assignor, AvMed, Inc. ("AvMed"), made with respect to medical expenses for items and services incurred by B.W.[1], a Medicare beneficiary, for which Defendant was the primary payer under the Medicare Secondary Payer Act ("MSP Act").

## PARTIES

2.     MSP Recovery is a Delaware series limited liability company with a principal place of business in Coral Gables, Florida. MSP Recovery, through its operating agreement, has standing to file suit on behalf of its series LLCs, and through that operating agreement, MSP Recovery has the right to pursue the claims assigned by AvMed.

---

[1] Upon the entry of a protective order, Plaintiff will file the full name of this beneficiary under seal to comply with the Health Insurance Portability and Accountability Act of 1996 and its related administrative regulations.

3.      MSP Recovery has established various designated series pursuant to Delaware law in order to maintain various claims recovery assignments separate from other Company assets, and in order to account for and associate certain assets with certain particular series. Pursuant to MSP Recovery's limited liability agreement, all designated series form a part of MSP Recovery. MSP Recovery may receive assignments in the name of MSP Recovery and further associate such assignments with a particular series or may have claims assigned directly to a particular series. In either event, MSP Recovery will maintain the right to sue on behalf of each series and pursue any and all rights, benefits, and causes of action arising from assignments to a series. Any claim or suit may be brought by MSP Recovery in its own name, or it may elect to bring suit in the name of its designated series.

4.      MSP Recovery's limited liability agreement provides that any rights and benefits arising from assignments to its series shall belong to MSP Recovery.

5.      AvMed, contracted with the Centers for Medicare and Medicaid Services ("CMS") to administer Medicare benefits for Medicare beneficiaries who elect to enroll in the Medicare Advantage (Part C) and Medicare Prescription Drug (Part D) programs. As such, AvMed is a Medicare Advantage ("MA") organization ("MAO") with a CMS contract number of H1016.

6.      Series 17-03-615 is a designated series of MSP Recovery and holds the rights, pursuant to a valid assignment agreement, to pursue the claims assigned by AvMed.

7.      Defendant State Farm Mutual Automobile Insurance Company is an Illinois company with its principal place of business at 1 State Farm Plaza Bloomington, IL 61710.

**VENUE & JURISDICTION**

2

8.      This is an action for damages that do not exceed $8,000.00 exclusive of interest, attorneys' fees, and costs. This action is within the subject matter jurisdiction of this court.

9.      Venue is appropriate within Miami-Dade County pursuant to Fla. Stat. 47.051 because the Defendant does business in the state of Florida, specifically Miami-Dade County, and has agents or other representatives in Miami-Dade County.

## FACTUAL ALLEGATIONS

10.     AvMed contracts with CMS to provide and administer Medicare benefits for Medicare enrollees under Medicare Part C, the Medicare Advantage program.

11.     B.W. is a Medicare beneficiary, who—at the time of the events giving rise to this action—resided in Ft. Lauderdale, Florida.

12.     B.W. elected to obtain Medicare benefits through participation in a Medicare Advantage plan administered by AvMed and was enrolled on May 12, 2019, through all times relevant to this Complaint.

13.     B.W. was involved in an automobile accident on May 12, 2019. On that day, B.W. was operating her vehicle when the driver behind her, who was operating a 2016 BMW, veered right and hit the rear bumper area of B.W.'s vehicle.  *See* **Exhibit A** attached hereto.

14.     As a direct and proximate result of the accident, B.W. sustained injuries, attached hereto as **Exhibit B**, which included:

    a.  M79.631: Pain in right forearm;
    b.  M79.641: Pain in right hand;
    c.  S63.609A: Unspecified sprain of unspecified thumb, initial encounter;
    d.  S63.601A: Unspecified sprain of right thumb, initial encounter.

15.     B.W. obtained treatment for accident-related injuries on May 14, 2019, May 30, 2019, and August 8, 2019. Those treatments, attached hereto as **Exhibit B**, included:

    a.  CPT Code 99214: Office/outpatient visit est;
    b.  CPT Code 73090: X-ray exam of forearm;

     c.   CPT Code 73130: X-ray exam of hand; and

     d.   CPT Code 99213: Office/outpatient visit est.

16.     B.W.'s medical providers billed AvMed for the accident-related items and services B.W. received on May 14, 2019, May 30, 2019, and August 8, 2019. The total amount of the charges was $485.00.

17.     AvMed made conditional payments of Medicare benefits on behalf of B.W. B.W.'s accident-related items and services would normally be valued at a commercially billed amount of $485.00. Further, Defendant would have been billed for this amount by B.W.'s providers for these had AvMed not made conditional payments at a different rate. Because of this, AvMed is entitled to seek reimbursement for the commercially billed amount of $485.00, because Defendant is not entitled to receive a windfall resulting from its failure to timely reimburse under the MSP Act.

18.     While AvMed was making its conditional payment, B.W. simultaneously made a claim against a no-fault policy (the "No-Fault Policy") issued to B.W. by the Defendant. The No-Fault Policy provided coverage for any medical expenses resulting from the accident.  B.W.'s claim included a claim for the repayment of medical expenses, which necessarily included the conditional payments made by AvMed.

19.     Defendant reported its primary payer plan status to CMS under its statutory and contractual obligations. In that report, Defendant described the accident, listed the reporting entity, identified the type of insurance coverage involved (no-fault), and admitted its primary plan status with respect to any conditional payments that a MAO made on behalf of B.W.  However, Defendant failed to reimburse AvMed for B.W.'s accident-related medical expenses.

20.     By virtue of the No-Fault Policy, Defendant became a primary plan with a duty to repay AvMed.

21.     Medicare plans—including the private Medicare plan involved in this case—have a policy of "paying in the dark"[2] for their enrollees' medical expenses (i.e., Medicare pays for medical expenses so that their enrollees can receive timely medical care even if another party is obligated to pay for the expenses first). However, the Medicare Trust Fund is legally obligated to reimburse Medicare plans for those medical expenses. *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 901 (11th Cir. 2003).

22.     Under the Medicare Secondary Payer law, "[a] primary plan's responsibility [as the primary plan] for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B).

23.     On August 13, 2021, Plaintiff sent the Defendant a demand letter pursuant to Florida Statute §627.736, advising the Defendant of its rights to seek reimbursement as a Medicare and/or Medicaid assignee for B.W.'s injuries resulting from the accident that took place on May 12, 2019, and requesting information regarding the Defendant's No-Fault Policy. **Exhibit C** attached hereto.

24.     In response, Defendant sent a letter dated January 26, 2022. *See* **Exhibit D** attached hereto.

25.     Defendant, by virtue the No-Fault Policy, became the primary plan under the MSP Act. As such, Defendant was required to make appropriate reimbursement for the conditional Medicare benefits advanced by AvMed on behalf of B.W. Defendant was required to reimburse AvMed within 60 days of date of the payment of benefits under the No-Fault Policy. It did not.

---

[2] *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 901 (11th Cir. 2003).

26.     The provisions governing Medicare Advantage, Medicare Part C, reference the MSP law, notably in the provisions regarding a MAO's right to charge for reimbursement of conditional benefits. 42 U.S.C. 1395w-22(a)(4). Section 1395w-22(a)(4) provides that under circumstances in which the MSP law makes the MAO's payments secondary, the organization may charge, or authorize the actual providers to charge, the primary payer or the enrollee. It further provides that the MAO may charge, or authorize the actual providers to charge, at the rates a Workman's Compensation plan, auto or liability insurer, or No-Fault insurer, as the case may be, would ordinarily pay, unrestrained by the usual restrictions imposed by Medicare. In this case, those charges would be at least $485.00.

27.     No one has reimbursed AvMed for the conditional payments that AvMed advanced for items and services received by B.W. as a result of the accident.

28.     Plaintiff complied with any and all conditions precedent to the filing of this action, to the extent applicable.

## ASSIGNMENT ALLEGATIONS

29.     Plaintiff has the legal right to pursue this MSP Act claim pursuant to valid assignment agreements.

30.     On June 26, 2019, AvMed entered into a Claims Purchase Agreement & Assignment with Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC, whereby it irrevocably assigned all rights to recover payments made on behalf of its Enrollees (the "AvMed Assignment"). The AvMed Assignment expressly provides, in pertinent part:

> Assignor irrevocably assigns, transfers, conveys, sets over and delivers to MSP Recovery, and any of its designated series, successors and assigns, any and all of Assignor's right, title, ownership and interest in and to (i) all Claims existing on the date hereof, whether based in contract, tort or statutory right, and all related recovery rights arising from and related to the claims data transferred to MSP Recovery (or its affiliates or service providers, including [MSP Recovery]), and (ii) any and all causes of action, claims and demands of any nature whatsoever relating to payments for health care services provided to Assignor's members and enrollees, and legal or equitable rights (including, but not limited to, subrogation)

6

> to pursue and/or recover monies related to the Claims that Assignor had, may have had, or has asserted against any party in connection with the Claims; and (iii) all causes of action, claims, rights and demands of any nature whatsoever, legal or equitable, against primary payers, Responsible Parties and/or third parties that may be liable to Assignor arising from or relating to the Claims, including claims under consumer protection statutes and laws (all of the items set forth in (i)-(iii), the "Assigned Claims") . . . . The assignment of the Assigned Claims set forth herein is irrevocable and absolute.

AvMed Assignment at 1.1.1.

31.     The "Assigned Claims" exclude claims against "[AvMed's] network healthcare providers and current and former members" as well as "[c]laims arising from and related to the GlaxoSmithKline[] manufacturing facility in Cidra, Puerto Rico[.]" AvMed Assignment, Schedule A. Defendants are not AvMed "network healthcare providers" or "current [or] former members[,]" and the claims at issue in this action do not relate to "GlaxoSmithKline's manufacturing facility in Cidra, Puerto Rico."

32.     The AvMed Assignment provided for a due diligence period wherein the parties would exchange deliverables and contemplated that the parties would enter into a separate "Stand-Alone Assignment Agreement" further evidencing the assignment. Upon completion of the prescribed due diligence period, and satisfaction of all conditions precedent, the parties finalized the transaction, including the exchange of compensation and execution of the Stand-Alone Assignment Agreement.

33.     Consideration was given between the parties in executing these agreements.

34.     The claim set forth in this Complaint is not subject to any carveout, exclusion, or any other limitation in law or equity that would impair Plaintiff's right to bring the claim asserted in this case.

## COUNT I
## PRIVATE CAUSE OF ACTION UNDER 42 U.S.C. § 1395y(b)(3)(A)

35.     Plaintiff re-alleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs 1-34 as if fully set forth herein.

36.     Plaintiff asserts a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A).

37.     Defendant issued a No-Fault Policy to B.W. and was responsible for costs relating to B.W.'s automobile accident but failed to provide primary payment to B.W.'s providers for the items and services for which AvMed advanced the conditional payments.

38.     Defendant did not pay or provide for appropriate reimbursement to AvMed in accordance with the MSP Act and its accompanying regulations.

39.     MSP Recovery, as the valid assignee of AvMed's rights, brings the private cause of action established by 42 U.S.C. § 1395y(b)(3)(A) to recover "an amount double the amount otherwise provided" for Defendant's failure to make appropriate reimbursement as required by law.

40.     Pursuant to 42 U.S.C. § 1395w-22(a)(4), the "amount otherwise provided" is the amount a provider may charge "in accordance with the charges allowed under a law, plan, or policy" identified in 42 U.S.C. § 1395y(b)(2), which in this case were at least $485.00.

WHEREFORE, Plaintiff demands judgment against State Farm Mutual Automobile Insurance Company as follows:

A.     a judgment awarding reimbursement of double damages for those amounts to which Plaintiff is entitled under 42 U.S.C. § 1395y(b)(3)(A);

B.     a judgment awarding Plaintiff pre-judgment and post-judgment interest consistent with the statute; and

C.     a judgment awarding Plaintiff reasonable attorneys' fees, and such other and further relief as the Court deems just and proper under the circumstances.

8

## COUNT II
## DIRECT RIGHT OF RECOVERY PURSUANT TO 42 C.F.R. § 411.24(e)
## FOR BREACH OF CONTRACT

41.     Plaintiff re-alleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs 1-34 as if fully set forth herein

42.     Pursuant to the MSP Act, AvMed was subrogated to the right to recover unreimbursed conditional payments from Defendant for its breach of contract with its insureds. Defendant was contractually obligated to pay for medical expenses arising out of covered automobile accidents, and it failed to fulfill that obligation. This obligation was, instead, fulfilled by AvMed.

43.     Defendant failed and/or refused to make complete payments or reimbursements for B.W.'s accident-related expenses as required by its contractual obligations.

44.     Defendant failed to pay for B.W.'s covered losses, and it has no reasonable proof to establish that it was not the primary plan and, therefore, not responsible for the payment.

45.     Defendant's failure to pay damaged Plaintiff's assignor. Plaintiff is entitled to recover up to the statutory policy limits for the medical expenses related to the subject accidents.

WHEREFORE, Plaintiff demands judgment against State Farm Mutual Automobile Insurance Company as follows:

A.     a judgment awarding reimbursement of damages for those amounts to which Plaintiff is entitled pursuant to the direct right of recovery for breach of contract;

B.     a judgment awarding Plaintiff pre-judgment and post-judgment interest consistent with the statute; and

C.     a judgment awarding Plaintiff reasonable attorneys' fees, and such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III
## <u>DECLARATORY JUDGMENT</u>

46.     Plaintiff re-alleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs 1-34 as if fully set forth herein.

47.     Plaintiff alleges that as part of providing Medicare benefits under the Medicare Advantage program, Plaintiff's assignor paid for items and services which were also covered by no-fault, personal injury protection, or medical payments policies issued by Defendant.

48.     Defendant issued a No-Fault policy to B.W. and was responsible for medical expenses relating to B.W.'s automobile accident but failed to provide primary payment to B.W.'s providers for the items and services for which AvMed advanced the conditional payments.

49.     As a primary payer, Defendant had a nondelegable duty to reimburse conditional payments advanced by Medicare Participants for life-saving medical services rendered to covered persons. Defendant is liable for reimbursement of these accident-related medical expenses, even if it subsequently paid out the maximum benefits under the policies.

50.     Defendant was required to timely reimburse Plaintiff's assignor for conditional payments made on behalf of B.W.'s accident-related medical expenses.

51.     An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant concerning its obligation to reimburse Plaintiff's assignor.

52.     Plaintiff seeks a declaratory Judgment from this Court establishing that, under federal law, Defendant has a historical, present, and continuing duty to reimburse Plaintiff's assignor for payments made on behalf of B.W.'s accident-related medical expenses.

WHEREFORE, Plaintiff demands judgment against Defendant State Farm Mutual Automobile Insurance Company as follows:

A.      a judgment declaring that Defendant has a historical, present and continuing duty to reimburse Plaintiff's assignor for unreimbursed conditional payments;

B.      a judgment awarding Plaintiff pre-judgment and post-judgment interest consistent with the statute; and

C.      a judgment awarding Plaintiff reasonable attorneys' fees, and such other and further relief as the Court deems just and proper under the circumstances.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a jury trial on all counts and issues so triable within this pleading.

<u>Dated: August 22, 2022</u>          Respectfully submitted,

ROBERT R. JIMENEZ, ESQ.
Florida Bar No. 72020
MERCEDES M. RODRIGUEZ, ESQ.
Florida Bar No.  492345
Milberg Coleman Bryson Phillips Grossman, PLLC
Attorneys for Plaintiff
2701 S. LeJeune Road, 10th Floor
Miami, FL 33134
Tel.: (866) 252-0878
Fax: (919) 600-5035
Primary Emails: rjimenez@milberg.com;
Mrodriguez@milberg.com
Secondary Email: amkamanga@milberg.com

By: /s/ *Robert R. Jimenez*
ROBERT R. JIMENEZ

11

EXHIBIT "A"

# FLORIDA TRAFFIC CRASH REPORT

LONG FORM [X]  SHORT FORM [ ]  UPDATE [ ]

**(Electronic Version)**

HSMV CRASH RECORDS
TRAFFIC CRASH RECORDS
NEIL KIRKMAN BUILDING, TALLAHASSEE, FL 32399-0537

| Date of Crash | Time of Crash | Date of Report | Invest. Agency Report Number | HSMV Crash Report Number |
|---|---|---|---|---|
| 12/May/2019 11:40 AM | 12/May/2019 11:40 AM | 12/May/2019 12:00 AM | ▮ | ▮ |

## CRASH IDENTIFIERS

| County Code | City Code | County of Crash | Place or City of Crash | Within City Limits | Time Reported | Time Dispatched |
|---|---|---|---|---|---|---|
| 10 | 38 | BROWARD | FORT LAUDERDALE | Yes | 12/May/2019 11:40 AM | 12/May/2019 11:40 AM |

| Time on Scene | Time Cleared Scene | Completed | Reason (if Investigation NOT Completed) | Notified By |
|---|---|---|---|---|
| 12/May/2019 11:55 AM | 12/May/2019 01:05 PM | Yes | | Law Enforcement |

## ROADWAY INFORMATION

| Crash Occured On Street, Road, Highway | ① At Street Address# | ② At Lattitude | and Longitude |
|---|---|---|---|
| SR 838 W SUNRISE BLVD | | | |

| At Feet | Or Miles | Direction | ③ From Intersection With Street, Road, Highway | ④ Or From Milepost # |
|---|---|---|---|---|
| 20 | | East | NW 8TH AVENUE | |

| Road System Identifier | Type Of Shoulder | Type Of Intersection |
|---|---|---|
| 3 State | 3 Curb | 1 Not at Intersection |

## CRASH INFORMATION (Check if Pictures Taken) [ ]

| light Condition | Weather Condition | Roadway Surface Condition | School Bus Related | Manner Of Collision |
|---|---|---|---|---|
| 1 Daylight | 1 Clear | 1 Dry | 1 No | 1 Front to Rear |

| First Harmful Event Type | First Harmful Event | First Harmful Event Location | Within Interchange | First Harmful Event Relation to Junction |
|---|---|---|---|---|
| | 14 | 1 On Roadway | No | 1 Non-Junction |

| Contributing Circumstances: Road | Contributing Circumstances: Road | Contributing Circumstances: Road |
|---|---|---|
| 1 None | | |

| Contributing Circumstances: Environment | Contributing Circumstances: Environment | Contributing Circumstances: Environment |
|---|---|---|
| 1 None | | |

| Work Zone Related | Crash In Work Zone | Type Of Work Zone | Workers In Work Zone | Law Enforcement In Work Zone |
|---|---|---|---|---|
| 1 No | | | | |

## VEHICLE (Check if Commercial) [ ]

| Vehicle | Motor Vehicle Type | Hit and Run | Veh License Number | State | Reg. Expires | Permanent Reg. | VIN |
|---|---|---|---|---|---|---|---|
| 2 | 1 Vehicle in Transport | 1 No | | | | No | |

| Year | Make | Model | Style | Color | Extent of Damage | Est. Damage | Towed Due To Damage | Vehicle Removed By | Rotation |
|---|---|---|---|---|---|---|---|---|---|
| ▮ | ▮ | | ▮ | ▮ | Functional | 3000 | No | DRIVER | Driver |

| Insurance Company | Insurance Policy Number |
|---|---|
| STATE FARM INS | E598564F30R9A4 |

| Name of Vehicle Owner (Check Box If Business) [ ] | Current Address (Number and Street) | City and State | Zip Code |
|---|---|---|---|
| | | | |

| Trailer One: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Trailer Two: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| Vehicle Traveling: | Direction | On Street, Road, Highway | At Est. Speed | Posted Speed | Total Lanes |
|---|---|---|---|---|---|
| | West | SR 838 W SUNRIE BLVD | 25 | 40 | 6 |

| CMV Configuration | Cargo Body Type | Area of Initial Impact | Most Damaged Area |
|---|---|---|---|
| | | | |

| Comm GVWR/GCWR | Trailer Type (trailer one) | Trailer Type (trailer two) | |
|---|---|---|---|
| | | | |

Area of Initial Impact: 18. Undercarriage / 19. Overturn / 20. Windshield / 21. Trailer

Most Damaged Area: 18. Undercarriage / 19. Overturn / 20. Windshield / 21. Trailer

| Haz. Mat. Release | Haz. Mat. Placard | Number | Class |
|---|---|---|---|
| | | | |

| Motor Carrier Name | US DOT Number |
|---|---|
| | |

| Motor Carrier Address | City and State | Zip Code | Phone Number |
|---|---|---|---|
| | | | |

| Comm/Non-Commercial | Vehicle Body Type | Vehicle Defects (one) | Vehicle Defects (two) | Emergency Vehicle Use | Speccial Function of MV |
|---|---|---|---|---|---|
| | 16 (Sport) Utility Vehicle | 1 None | | 1 No | 1 No Special Function |

| Vehicle Maneuver Action | Trafficway | Roadway Grade | Roadway Alignment | Most Harmful Event | Most Harmful Event Detail |
|---|---|---|---|---|---|
| 1 Straight Ahead | 3 Two-Way, Divided, Unprotected (painted >4 feet) Median | 1 Level | 1 Straight | 2 Collision with Non-Fixed Object | 14 Motor Vehicle in Transport |

| Traffic Control Device For This Vehicle | First (1) Sequence of Events | Second (2) Sequence of Events | Third (3) Sequence of Events | Fourth (4) Sequence of Events |
|---|---|---|---|---|
| 1 No Controls | 2 Collision with Non-Fixed Object / 14 Motor Vehicle in Transport | | | |

## VEHICLE (Check if Commercial) [ ]

| Vehicle | Motor Vehicle Type | Hit and Run | Veh License Number | State | Reg. Expires | Permanent Reg. | VIN |
|---|---|---|---|---|---|---|---|
| 1 | 1 Vehicle in Transport | 1 No | | | | No | |

| Year | Make | Model | Style | Color | Extent of Damage | Est. Damage | Towed Due To Damage | Vehicle Removed By | Rotation |
|---|---|---|---|---|---|---|---|---|---|
| ▮ | ▮ | | ▮ | ▮ | Functional | 4000 | No | DRIVER | Driver |

| Insurance Company | Insurance Policy Number |
|---|---|
| | |

| Date of Crash | Date of Report | Invest. Agency Report Number | HSMV Crash Report Number |
|---|---|---|---|

| Name of Vehicle Owner (Check Box If Business) | Current Address (Number and Street) | City and State | Zip Code |
|---|---|---|---|

| Trailer One: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|

| Trailer Two: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|

| Vehicle Traveling: | Direction | On Street, Road, Highway | At Est. Speed | Posted Speed | Total Lanes |
|---|---|---|---|---|---|
| | West | SR 838 W SUNRISE BLVD | 30 | 3 | 5 |

| CMV Configuration | Cargo Body Type | Area of Initial Impact | Most Damaged Area |
|---|---|---|---|

| Comm GVWR/GCWR | Trailer Type (trailer one) | Trailer Type (trailer two) | | |
|---|---|---|---|---|

Area of Initial Impact: 2 3 4 5 6 7 / 15 16 17 8 / 1 / 18 13 12 11 10 9 — 18. Undercarriage  19. Overturn  20. Windshield  21. Trailer

Most Damaged Area: 2 3 4 5 6 7 / 15 16 17 8 / 1 / 18 13 12 11 10 9 — 18. Undercarriage  19. Overturn  20. Windshield  21. Trailer

| Haz. Mat. Release | Haz. Mat. Placard | Number | Class |
|---|---|---|---|

| Motor Carrier Name | US DOT Number |
|---|---|

| Motor Carrier Address | City and State | Zip Code | Phone Number |
|---|---|---|---|

| Comm/Non-Commercial | Vehicle Body Type | Vehicle Defects (one) | Vehicle Defects (two) | Emergency Vehicle Use | Special Function of MV |
|---|---|---|---|---|---|
| | 1 Passenger Car | 1 None | | 1 No | 1 No Special Function |

| Vehicle Maneuver Action | Trafficway | Roadway Grade | Roadway Alignment | Most Harmful Event | Most Harmful Event Detail |
|---|---|---|---|---|---|
| 1 Straight Ahead | 3 Two-Way, Divided, Unprotected (painted >4 feet) Median | 1 Level | 1 Straight | 2 Collision with Non-Fixed Object | 14 Motor Vehicle in Transport |

| Traffic Control Device For This Vehicle | First (1) Sequence of Events | Second (2) Sequence of Events | Third (3) Sequence of Events | Fourth (4) Sequence of Events |
|---|---|---|---|---|
| 1 No Controls | 2 Collision with Non-Fixed Object<br><br>14 Motor Vehicle in Transport | | | |

**PERSON RECORD**

| Person# | Description | Vehicle # | Name | Date of Birth | Sex | Phone Number | Re-Exam |
|---|---|---|---|---|---|---|---|
| 1 | 1 Driver | 1 | | | | | No |

| Address | City | State | Zip Code |
|---|---|---|---|

| Driver License Number | State | Expires | DL Type | Req. End. | Injury Severity | Ejection |
|---|---|---|---|---|---|---|
| | | | 5 E/Operator | | 1 None | 1 Not Ejected |

| Restraint System | Air Bag Deployed | Helmet Use | Eye Protection | Seating Location Seat | Seating Location Row | Seating Location Other |
|---|---|---|---|---|---|---|
| 3 Shoulder and Lap Belt Used | 2 Not Deployed | | | 1 Left | 1 Front | 1 Not Applicable |

| Drivers Actions at Time of Crash (first) | Drivers Actions at Time of Crash (second) | Driver Distracted By | Vision Obstruction |
|---|---|---|---|
| 10 Followed too Closely | | 88 Unknown | 1 Vision Not Obscured |

| Drivers Actions at Time of Crash (third) | Drivers Actions at Time of Crash (fourth) | Drivers Condition at Time of Crash |
|---|---|---|
| | | 1 Apparently Normal |

| Suspected Alcohol Use | Alcohol Tested | Alcohol Test Type | Alcohol Test Result | BAC | Suspected Drug Use | Drug Tested | Drug Test Type | Drug Test Result |
|---|---|---|---|---|---|---|---|---|
| 1 No | | | | | 1 No | | | |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| 1 Not Transported | | | |

**PERSON RECORD**

| Person# | Description | Vehicle # | Name | Date of Birth | Sex | Phone Number | Re-Exam |
|---|---|---|---|---|---|---|---|
| 2 | 1 Driver | 2 | | | | | No |

| Address | City | State | Zip Code |
|---|---|---|---|

| Driver License Number | State | Expires | DL Type | Req. End. | Injury Severity | Ejection |
|---|---|---|---|---|---|---|
| | | | 5 E/Operator | | 2 Possible | 1 Not Ejected |

| Restraint System | Air Bag Deployed | Helmet Use | Eye Protection | Seating Location Seat | Seating Location Row | Seating Location Other |
|---|---|---|---|---|---|---|
| 3 Shoulder and Lap Belt Used | 2 Not Deployed | 3 No Helmet | 3 Not Applicable | 1 Left | 1 Front | 1 Not Applicable |

| Drivers Actions at Time of Crash (first) | Drivers Actions at Time of Crash (second) | Driver Distracted By | Vision Obstruction |
|---|---|---|---|
| 1 No Contributing Action | | 1 Not Distracted | 1 Vision Not Obscured |

| Drivers Actions at Time of Crash (third) | Drivers Actions at Time of Crash (fourth) | Drivers Condition at Time of Crash |
|---|---|---|
| | | 1 Apparently Normal |

| Suspected Alcohol Use | Alcohol Tested | Alcohol Test Type | Alcohol Test Result | BAC | Suspected Drug Use | Drug Tested | Drug Test Type | Drug Test Result |
|---|---|---|---|---|---|---|---|---|
| 1 No | | | | | 1 No | | | |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| 1 Not Transported | | | |

**NARRATIVE**

| Date of Crash | Date of Report | Invest. Agency Report Number | HSMV Crash Report Number |
|---|---|---|---|

Case 0:22-cv-23016-KMM  Document 1-1  Entered on FLSD Docket 09/20/2022  Page 20 of 49

DISPATCHED TO W SR 838 SUNRISE BLVD  REFERENCE MINOR TRAFFIC CRASH.  WHEN I ARRIVED ON SCENE I WAS UNABLE TO LOCATE AND HAD INFO CHANNEL CALL REPORTEE ADVISED THEY WERE OFF ROAD AND IN PARKING LOT OF CHECK CASHING STORE, 700 BLOCK W SUNRISE.

VEH1 DRIVER ADVISED HE WAS TRAVELING WESTBOUND RIGHT LANE AND VEH2 ALSO WESTBOUND AND IN FRONT OF HIM.  HE ADVISED VEH2 HAD SLOWED DOWN AND WHEN HE REALIZED IT WAS TOO LATE.  VEH1 DRIVER VEERED TO THE RIGHT IN HOPES OF AVOIDING IMPACT BUT WAS TOO LATE: FRONT//LEFT BUMPER AREA VEH1 IMPACTED WITH RIGHT REAR BUMPER AREA OF VEH2.  DAMAGE SUSTAINED TO BOTH VEHICLES WAS MODERATE BUT BOTH WERE DRIVABLE.

VEH2 DRIVER ADVISED SHE WAS OVER WHELMED AND CAUGHT OFF GUARD BY THE IMPACT AND REFUSED EMS.  SHE WIIL SEEK MEDICAL ATTENTION OF HER OWN, TOMORROW IF NECESSARY.

VEH1 DRIVER WAS ADVISED HE WAS AT FAULT FOR THE CRASH AND WAS NOT CITED.  HE WAS ADVISED TO FILE CLAIM WITH HIS INSURANCE.  BOTH DRIVER'S PROVIDED COPY OF DRIVER'S EXCHANGE FORM, INCLUDING CASE NUMBER .  NOTHING FURTHER AT THIS TIME.

UNDER PENATIES OF PREJURY, I DECLARE I HAVE READ THE FOREGOING & THE FACTS STATED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE & BELIEF.

SIGNED  PSA OHARA RIVERS    DATED 05/12/2019

**REPORTING OFFICER**

| ID/Badge #<br>6515 | Rank and Name<br>**PUBLIC SERVICE AIDE A. O`HARA-RIVERS** | Department<br>**FT LAUDERDALE POLICE DEPARTMENT** | Type of Department<br>**PD** |
|---|---|---|---|

| Date of Crash | Date of Report | Invest. Agency Report Number | HSMV Crash Report Number |
|---|---|---|---|

Case 0:19-cv-23016-KMM Document 1-1 Entered on FLSD Docket 09/20/2022 Page 21 of 49



Indicate North



APOI

SR 838 W SUNRIE BLVD    Block# 700

Drawing Not To Scale.

EXHIBIT "B"

| msp_mrd_id | msp_dos | msp_client | msp_memb_id | msp_bill_amount_value | msp_all_dx |
|---|---|---|---|---|---|
| | 8/8/2019 | AVDI-AVDI | | $177.00 | ||M1811|S63601A|| |
| | 8/8/2019 | AVDI-AVDI | | $0.00 | |||| |
| | 8/8/2019 | AVDI-AVDI | | $0.00 | |||| |
| | 8/8/2019 | AVDI-AVDI | | $0.00 | |||| |
| | 5/30/2019 | AVDI-AVDI | | $243.00 | ||10|E785|S63609A|| |
| | 5/14/2019 | AVDI-AVDI | | $32.00 | ||M79631|| |
| | 5/14/2019 | AVDI-AVDI | | $33.00 | ||M79641|| |

| msp_all_rx | msp_all_px |
|---|---|
| | ||Office/outpatient visit est [A]|99213| | |
| |6909705 2444|DICLOFENAC SODIUM GEL 1%| | | ||| |
| |6909705 2444|DICLOFENAC SODIUM GEL 1%| | | ||| |
| |6909705 2444|DICLOFENAC SODIUM GEL 1%| | | ||| |
| | |99214|Office/outpatient visit est [A]|| |
| | |X-ray exam of forearm [A]|26|RT|73090| | |
| | |73130|26|RT|X-ray exam of hand [A]||| |
| | |

| msp_all_prov | msp_dx_01 | msp_dx_02 | msp_dx_03 |
|---|---|---|---|
| |366582   0001|11|| | M18.11 | S63.601A | |
| ||954568O164|WALGREENS 0991S|3100 N ANDREWS AVE|13169526017|OAKLAND PARK|KATHRYN|FL|1053681791|33309|HEIM|366582 |0001|| | | | |
| ||954568O164|WALGREENS 0991S|3100 N ANDREWS AVE|13169526017|OAKLAND PARK|KATHRYN|FL|1053681791|33309|HEIM|366582 |0001|| | | | |
| ||954568O164|WALGREENS 0991S|3100 N ANDREWS AVE|13169526017|OAKLAND PARK|KATHRYN|FL|1053681791|33309|HEIM|366582 |0001|| | | | |
| |366582   0001|11|| | I10 | E78.5 | S63.609A |
| |366582   0001|22|| | M79.631 | | |
| |366582   0001|22|| | M79.641 | | |

| msp_long_desc_01 | msp_long_desc_02 |
| --- | --- |
| ICD10:Unilateral primary osteoarthritis of first carpometacarpal joint, right hand | ICD10:Unspecified sprain of right thumb, initial encounter |
| | |
| | |
| ICD10:Essential (primary) hypertension | ICD10:Hyperlipidemia, unspecified |
| ICD10:Pain in right forearm | |
| ICD10:Pain in right hand | |

| msp_long_desc_03 | msp_cpt_code | msp_cpt_description |
|---|---|---|
| | 99213 | Office/outpatient visit est  [A] |
| | | |
| | | |
| ICD10:Unspecified sprain of unspecified thumb, initial encounter | 99214 | Office/outpatient visit est [A] |
| | 73090 | X-ray exam of forearm [A] |
| | 73130 | X-ray exam of hand  [A] |
| | | |

EXHIBIT "C"



August 13, 2021

### VIA U.S. CERTIFIED MAIL

Sandra Richardson-Graham
State Farm Insurance Co.
P.O. BOX 106134
WINTER HAVEN, FL33883-9608

**OUR FILE NO:** ███████
**YOUR INSURED/ BENEFICIARY NAME:** ███████
███████**FILING NUMBER:** ███████
**DOA: 05/12/2019**
**TYPE OF LIEN/CLAIM:** MEDICARE/MEDICAID

### DEMAND LETTER PURSUANT TO:
### Section 627.736, Florida Statutes

To Whom It May Concern:

MSP Recovery, LLC, acting on behalf of MSP Recovery Claims, Series, LLC, as assignee of Medicare and/or Medicaid claims, hereby places you on notice that pursuant to our client's rights as a Medicare and/or Medicaid Payers, exercise the same rights, as would Medicare and/or Medicaid. To the extent that our client has made payment for medical benefits, MSP Recovery hereby asserts its rights to seek reimbursement as a Medicare and/or Medicaid assignee.

This document is a formal demand letter pursuant to Section 627.736(10), Florida Statutes, for the full payment of the attached amounts *(see attached itemized statement)*. Demand is hereby made for reimbursement for medical services and treatment provided to the above named insured for the dates of service commencing 05/14/2019 through 08/08/2019 totaling $485.00. Currently $485.00 is due, less any applicable deductible. To date, or our client has received $0.00. If the above amounts have been paid or any of the above captioned information is not correct, please contact the undersigned.

Section 627.736, Florida Statutes, provides you with an opportunity to pay the above claim in full within thirty (30) days of receipt of this letter, including a penalty of 10% of the overdue amount paid, subject to a maximum penalty of $250.00. Demand is also made for payment of prejudgment interest from the date the bills became overdue through the date of this letter in accordance with the interest rate established by Section 55.03, Florida Statutes. Payments are to be made to MSP Recovery for benefits, interest, penalty and postage and must be mailed to the undersigned.

Additionally, pursuant to Sections 627.4137, 627.7401, 627.736(6)(d), Florida Statutes, and the policy that covers this loss, MSP Recovery requests a statement, under oath, of a corporate

officer or the insurer's claims manager or superintendent, setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

(A) the name of the insurer,
(B) the name of each insured,
(C) the limits of liability coverage (including PIP and Med Pay coverage),
(D) a statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement,
(E) a copy of the policy, and
(F) any letters evidencing cancellation of the policy for any reason.

Please include a copy of the insured's PIP payout sheet and any explanation of benefits generated concerning the above-mentioned dates of service. All notices for Independent Medical Examination ("IME") appointments with proof of mailing, all medical reports done by IME or peer review doctors on behalf of the insurance company, all Examination Under Oath ("EUO") notices with proof of mailing, EUO transcription or recordings and all denial letters.

The undersigned hereby serves notice to all that this may result in a lien being asserted pursuant to 42 C.F.R. § 422.108(c). Notice is hereby given that as a secondary payer, any contractually required payment(s) for medical services and/or supplies should be made to MSP Recovery. Please make checks payable to and send to the address below. Please include a copy of the first page of this letter with your payment.

MSP Recovery Claims, Series, LLC
2701 S Le Jeune Rd, Floor 10
Coral Gables, Fl 33134

Thank you for your anticipated cooperation and immediate response to our requests. Should you have any questions please contact the undersigned, do not contact the medical provider.

Sincerely,

MSP Recovery, LLC

| msp_mrd_id | msp_dos | msp_crd_id | total_charge_amount_value | msp_all_dx | msp_cpt_code |
|---|---|---|---|---|---|
| ████████ | 8/8/2019 | 461972 | $177.00 | \|\|M1811\|S63601A\|\| | 99213 |
| | 5/30/2019 | 62711323 | $243.00 | \|\|I10\|E785\|S63609A\|\| | 99214 |
| | 5/14/2019 | 1899000 | $32.00 | \|\|M79631\|\| | 73090 |
| | 5/14/2019 | 1899001 | $33.00 | \|\|M79641\|\| | 73130 |

| pr_npi | msp_pr_name | ad_country | ad_city | ad_address1 |
|---|---|---|---|---|
| 1053681791 | KATHRYN HEIM MD | USA | LIGHTHOUSE POINT | 2850 N FEDERAL HWY FL 2 |
| 1336465574 | DAVID DUNHILL MD | USA | FORT LAUDERDALE | 1309 S FEDERAL HWY |
| 1518945575 | SOUTH FLORIDA MEDICAL IMAGING | USA | FORT LAUDERDALE | 4725 N FEDERAL HWY |
| 1518945575 | SOUTH FLORIDA MEDICAL IMAGING | USA | FORT LAUDERDALE | 4725 N FEDERAL HWY |



FLORIDA
DEPARTMENT OF
FINANCIAL SERVICES

## Civil Remedy Notice of Insurer Violations

Filing Number: ▮▮▮▮

Filing Accepted: **5/5/2021**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **RECOVERY MSP** |
| Street Address: | **2701 S LE JEUNE ROAD 11TH FLOOR** |
| City, State Zip: | **CORAL GABLES, FL 33134** |
| Email Address: | **CIVILREMEDY@MSPRECOVERY.COM** |
| Complainant Type: | **Other** |

### Insured

| | |
|---|---|
| Name: | ▮▮▮▮ |
| Policy #: | ▮▮▮▮ |
| Claim #: | ▮▮▮▮ |

### Attorney

| | |
|---|---|
| Name: | **LAW FIRM MSP RECOVERY** |
| Street Address: | **2701 S LE JEUNE ROAD 11TH FLOOR** |
| City, State Zip: | **CORAL GABLES, FL 33134** |
| Email Address: | **CIVILREMEDY@MSPRECOVERY.COM** |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **STATE FARM GENERAL INSURANCE COMPANY** |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**N/A**

| | |
|---|---|
| Type of Insurance: | **Accident & Health** |



**FLORIDA**
DEPARTMENT OF
**FINANCIAL SERVICES**

## Civil Remedy Notice of Insurer Violations

Filing Number: 

### Reason for Notice

Reasons for Notice:

**Claim Denial**

**Claim Delay**

**Unsatisfactory Settlement Offer**

**Unfair Trade Practice**

PURSUANT TO SECTION 624.155, F.S.  please indicate all statutory provisions alleged to have been violated.

**624.155(1)(b)(1)** **Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**On 05/12/2019, Barbara Wilson that was enrolled in a Medicare plan and/or Medicaid, which was serviced or administered by Avmed, Inc., was involved in an accident. Avmed, Inc.  paid for medical expenses related to the accident and assigned its recovery rights to MSP Recovery Claims, Series LLC.**

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**Insurer did not honor the assignment of benefits and pay according to the terms of the insurance contract and controlling statutory provision. Insurer failed to review, negotiate in good faith, and settle a valid Medicare and/or Medicaid lien.**

### Comments

| User Id | Date Added | Comment |
|---|---|---|
| sandra.richardson-graham.hzxn@statefarm.com | 06-23-2021 | "Other"<br>On 05/12/2019, Barbara Wilson that was enrolled in a Medicare plan and/or Medicaid, which was serviced or administered by Avmed, Inc., was involved in an accident. Avmed, Inc. paid for medical |

# FLORIDA TRAFFIC CRASH REPORT

LONG FORM [X]  SHORT FORM [ ]  UPDATE [ ]

(Electronic Version)

HIGHWAY SAFETY & MOTOR VEHICLES,
TRAFFIC CRASH RECORDS
NEIL KIRKMAN BUILDING, TALLAHASSEE, FL 32399-0537

| Date of Crash 12/May/2019 11:40 AM | Time of Crash 12/May/2019 11:40 AM | Date of Report 12/May/2019 12:00 AM | Invest. Agency Report Number | | HSMV Crash Report Number |
|---|---|---|---|---|---|

## CRASH IDENTIFIERS

| County Code 10 | City Code 38 | County of Crash BROWARD | Place or City of Crash FORT LAUDERDALE | Within City Limits Yes | Time Reported 12/May/2019 11:40 AM | Time Dispatched 12/May/2019 11:40 AM |
|---|---|---|---|---|---|---|

| Time on Scene 12/May/2019 11:55 AM | Time Cleared Scene 12/May/2019 01:05 PM | Completed Yes | Reason (if Investigation NOT Completed) | Notified By Law Enforcement |
|---|---|---|---|---|

## ROADWAY INFORMATION

| Crash Occured On Street, Road, Highway SR 838 W SUNRISE BLVD | At Street Address# | At Lattitude | and Longitude |
|---|---|---|---|

| At Feet 20 | Or Miles | Direction East | From Intersection With Street, Road, Highway NW 8TH AVENUE | Or From Milepost # |
|---|---|---|---|---|

| Road System Identifier 3 State | Type Of Shoulder 3 Curb | Type Of Intersection 1 Not at Intersection |
|---|---|---|

## CRASH INFORMATION (Check if Pictures Taken) [ ]

| light Condition 1 Daylight | Weather Condition 1 Clear | Roadway Surface Condition 1 Dry | School Bus Related 1 No | Manner Of Collision 1 Front to Rear |
|---|---|---|---|---|

| First Harmful Event Type | First Harmful Event 14 | First Harmful Event Location 1 On Roadway | Within Interchange | First Harmful Event Relation to Junction 1 Non.Junction |
|---|---|---|---|---|

| Contributing Circumstances: Road 1 None | Contributing Circumstances: Road | Contributing Circumstances: Road |
|---|---|---|

| Contributing Circumstances: Environment 1 None | Contributing Circumstances: Environment | Contributing Circumstances: Environment |
|---|---|---|

| Work Zone Related 1 No | Crash In Work Zone | Type Of Work Zone | Workers In Work Zone | Law Enforcement In Work Zone |
|---|---|---|---|---|

## VEHICLE (Check if Commercial) [ ]

| Vehicle 2 | Motor Vehicle Type 1 Vehicle in Transport | Hit and Run 1 No | Veh License Number | State | Reg. Expires | Permanent Reg. No | VIN |
|---|---|---|---|---|---|---|---|

| Year | Make | Model | Style | Color | Extent of Damage Functional | Est. Damage 3000 | Towed Due To Damage No | Vehicle Removed By DRIVER | Rotation Driver |
|---|---|---|---|---|---|---|---|---|---|

| Insurance Company STATE FARM INS | Insurance Policy Number |
|---|---|

| Name of Vehicle Owner (Check Box If Business) [ ] | Current Address (Number and Street) | City and State | Zip Code |
|---|---|---|---|

| Trailer One: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|

| Trailer Two: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|

| Vehicle Traveling: | Direction West | On Street, Road, Highway SR 838 W SUNRIE BLVD | At Est. Speed 25 | Posted Speed 40 | Total Lancs 6 |
|---|---|---|---|---|---|

| CMV Configuration | Cargo Body Type | Area of Initial Impact | Most Damaged Area |
|---|---|---|---|

| Comm GVWR/GCWR | Trailer Type (trailer one) | Trailer Type (trailer two) | |
|---|---|---|---|

Area of Initial Impact: 18. Undercarriage / 19. Overturn / 20. Windshield / 21. Trailer

Most Damaged Area: 18. Undercarriage / 19. Overturn / 20. Windshield / 21. Trailer

| Haz. Mat. Release | Haz Mat. Placard | Number | Class |
|---|---|---|---|

| Motor Carrier Name | US DOT Number |
|---|---|

| Motor Carrier Address | City and State | Zip Code | Phone Number |
|---|---|---|---|

| Comm/Non-Commercial | Vehicle Body Type 16 (Sport) Utility Vehicle | Vehicle Defects (one) 1 None | Vehicle Defects (two) | Emergency Vehicle Use 1 No | Special Function of MV 1 No Special Function |
|---|---|---|---|---|---|

| Vehicle Maneuver Action 1 Straight Ahead | Trafficway 3 Two-Way, Divided, Unprotected (painted >4 feet) Median | Roadway Grade 1 Level | Roadway Alignment 1 Straight | Most Harmful Event 2 Collision with Non-Fixed Object | Most Harmful Event Detail 14 Motor Vehicle in Transport |
|---|---|---|---|---|---|

| Traffic Control Device For This Vehicle 1 No Controls | First (1) Sequence of Events 2 Collision with Non-Fixed Object 14 Motor Vehicle in Transport | Second (2) Sequence of Events | Third (3) Sequence of Events | Fourth (4) Sequence of Events |
|---|---|---|---|---|

## VEHICLE (Check if Commercial) [ ]

| Vehicle 1 | Motor Vehicle Type 1 Vehicle in Transport | Hit and Run 1 No | Veh License Number | State | Reg. Expires | Permanent Reg. No | VIN |
|---|---|---|---|---|---|---|---|

| Year | Make | Model | Style | Color | Extent of Damage Functional | Est. Damage 4000 | Towed Due To Damage No | Vehicle Removed By DRIVER | Rotation Driver |
|---|---|---|---|---|---|---|---|---|---|

| Insurance Company ESURANCE | Insurance Policy Number PAFL8045238 |
|---|---|

| Date of Crash 12/May/2019 11:40 AM | Date of Report 12/May/2019 11:40 AM | Invest. Agency Report Number | HSMV Crash Report Number |
|---|---|---|---|

| Name of Vehicle Owner (Check Box If Business) ☐ | Current Address (Number and Street) | City and State | Zip Code |
|---|---|---|---|

| Trailer One: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |
|---|---|---|---|---|---|---|---|---|---|
| Trailer Two: | License Number | State | Reg. Expires | Permanent Reg. | VIN | Year | Make | Length | Axles |

| Vehicle Traveling: Direction West | On Street, Road, Highway SR 838 W SUNRIE BLVD | At Est. Speed 30 | Posted Speed 3 | Total Lanes 5 |
|---|---|---|---|---|

| CMV Configuration | Cargo Body Type | Area of Initial Impact | Most Damaged Area |
|---|---|---|---|
| Comm GVWR/GCWR | Trailer Type (trailer one) | Trailer Type (trailer two) | 18. Undercarriage / 19. Overturn / 20. Windshield / 21. Trailer | 18. Undercarriage / 19. Overturn / 20. Windshield / 21. Trailer |

| Haz. Mat. Release | Haz Mat. Placard | Number | Class |
|---|---|---|---|

| Motor Carrier Name | | US DOT Number |
|---|---|---|

| Motor Carrier Address | City and State | Zip Code | Phone Number |
|---|---|---|---|

| Comm/Non-Commercial | Vehicle Body Type 1 Passenger Car | Vehicle Defects (one) 1 None | Vehicle Defects (two) | Emergency Vehicle Use 1 No | Special Function of MV 1 No Special Function |
|---|---|---|---|---|---|

| Vehicle Maneuver Action 1 Straight Ahead | Trafficway 3 Two-Way, Divided, Unprotected (painted >4 feet) Median | Roadway Grade 1 Level | Roadway Alignment 1 Straight | Most Harmful Event 2 Collision with Non-Fixed Object | Most Harmful Event Detail 14 Motor Vehicle in Transport |
|---|---|---|---|---|---|

| Traffic Control Device For This Vehicle 1 No Controls | First (1) Sequence of Events 2 Collision with Non-Fixed Object 14 Motor Vehicle in Transport | Second (2) Sequence of Events | Third (3) Sequence of Events | Fourth (4) Sequence of Events |
|---|---|---|---|---|

## PERSON RECORD

| Person# Description 1 1 Driver | Vehicle # 1 | Name | Date of Birth | Sex | Phone Number | Re-Exam No |
|---|---|---|---|---|---|---|
| Address | City | State | | Zip Code | | |

| Driver License Number | State | Expires | DL Type 5 E/Operator | Req. End. | Injury Severity 1 None | Ejection 1 Not Ejected |
|---|---|---|---|---|---|---|

| Restraint System 3 Shoulder and Lap Belt Used | Air Bag Deployed 2 Not Deployed | Helmet Use | Eye Protection | Seating Location Seat 1 Left | Seating Location Row 1 Front | Seating Location Other 1 Not Applicable |
|---|---|---|---|---|---|---|

| Drivers Actions at Time of Crash (first) 10 Followed too Closely | Drivers Actions at Time of Crash (second) | Driver Distracted By 88 Unknown | Vision Obstruction 1 Vision Not Obscured |
|---|---|---|---|
| Drivers Actions at Time of Crash (third) | Drivers Actions at Time of Crash (fourth) | Drivers Condition at Time of Crash 1 Apparently Normal | |

| Suspected Alcohol Use 1 No | Alcohol Tested | Alcohol Test Type | Alcohol Test Result | BAC | Suspected Drug Use 1 No | Drug Tested | Drug Test Type | Drug Test Result |
|---|---|---|---|---|---|---|---|---|

| Source of Transport to Medical Facility 1 Not Transported | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|

## PERSON RECORD

| Person# Description 2 1 Driver | Vehicle # 2 | Name | Date of Birth | Sex | Phone Number | Re-Exam No |
|---|---|---|---|---|---|---|
| Address | City | State | | Zip Code | | |

| Driver License Number | State | Expires | DL Type 5 E/Operator | Req. End. | Injury Severity 2 Possible | Ejection 1 Not Ejected |
|---|---|---|---|---|---|---|

| Restraint System 3 Shoulder and Lap Belt Used | Air Bag Deployed 2 Not Deployed | Helmet Use 3 No Helmet | Eye Protection 3 Not Applicable | Seating Location Seat 1 Left | Seating Location Row 1 Front | Seating Location Other 1 Not Applicable |
|---|---|---|---|---|---|---|

| Drivers Actions at Time of Crash (first) 1 No Contributing Action | Drivers Actions at Time of Crash (second) | Driver Distracted By 1 Not Distracted | Vision Obstruction 1 Vision Not Obscured |
|---|---|---|---|
| Drivers Actions at Time of Crash (third) | Drivers Actions at Time of Crash (fourth) | Drivers Condition at Time of Crash 1 Apparently Normal | |

| Suspected Alcohol Use 1 No | Alcohol Tested | Alcohol Test Type | Alcohol Test Result | BAC | Suspected Drug Use 1 No | Drug Tested | Drug Test Type | Drug Test Result |
|---|---|---|---|---|---|---|---|---|

| Source of Transport to Medical Facility 1 Not Transported | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|

## NARRATIVE

| Date | Report | Incident/Report Number | Crash Report Number |
|---|---|---|---|
| 12/May/2019 11:40 AM | 12/May/2019 11:40 AM | ▮▮▮▮ | ▮▮▮▮ |

DISPATCHED TO W SR 838 SUNRISE BLVD. REFERENCE MINOR TRAFFIC CRASH. WHEN I ARRIVED ON SCENE I WAS UNABLE TO LOCATE AND HAD INFO CHANNEL CALL REPORTEE ADVISED THEY WERE OFF ROAD AND IN PARKING LOT OF CHECK CASHING STORE, 700 BLOCK W SUNRISE.

VEH1 DRIVER ADVISED HE WAS TRAVELING WESTBOUND RIGHT LANE AND VEH2 ALSO WESTBOUND AND IN FRONT OF HIM. HE ADVISED VEH2 HAD SLOWED DOWN AND WHEN HE REALIZED IT WAS TOO LATE. VEH1 DRIVER VEERED TO THE RIGHT IN HOPES OF AVOIDING IMPACT BUT WAS TOO LATE: FRONT/LEFT BUMPER AREA VEH1 IMPACTED WITH RIGHT REAR BUMPER AREA OF VEH2. DAMAGE SUSTAINED TO BOTH VEHICLES WAS MODERATE BUT BOTH WERE DRIVABLE.

VEH2 DRIVER ADVISED SHE WAS OVER WHELMED AND CAUGHT OFF GUARD BY THE IMPACT AND REFUSED EMS. SHE WIIL SEEK MEDICAL ATTENTION OF HER OWN, TOMORROW IF NECESSARY.

VEH1 DRIVER WAS ADVISED HE WAS AT FAULT FOR THE CRASH AND WAS NOT CITED. HE WAS ADVISED TO FILE CLAIM WITH HIS INSURANCE. BOTH DRIVER'S PROVIDED COPY OF DRIVER'S EXCHANGE FORM, INCLUDING CASE NUMBER . NOTHING FURTHER AT THIS TIME.

UNDER PENATIES OF PREJURY, I DECLARE I HAVE READ THE FOREGOING & THE FACTS STATED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE & BELIEF.

SIGNED  PSA OHARA RIVERS     DATED 05/12/2019

REPORTING OFFICER

| ID/Badge #<br>6515 | Rank and Name<br>PUBLIC SERVICE AIDE A. O`HARA-RIVERS | Department<br>FT LAUDERDALE POLICE DEPARTMENT | Type of Department<br>PD |
|---|---|---|---|



Indicate North



APOI

SR 838 W SUNRIE BLVD    Block# 700

Drawing Not To Scale.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATE FARM GENERAL INSURANCE COMPANY
P.O. BOX 106134
ATLANTA, GA 30348-6134
ATTN: SANDRA RICHARDSON-GRAHAM
CLAIMS DEPARTMENT

9590 9402 6555 1028 7592 27

2. Article Number (Transfer from service label)

7020 2450 0000 5000 7156

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**CERTIFIED MAIL**

7020 2450 0000 5000 7156

STATE FARM GENERAL INSURANCE COMPANY
P.O. BOX 106134
ATLANTA, GA 30348-6134
ATTN: SANDRA RICHARDSON-GRAHAM
CLAIMS DEPARTMENT

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 5000 7156

---

MSP
RECOVERY.
DISCOVER. RECOVER.

2701 S. Le Jeune Road ·10th Floor, Coral Gables, FL 33134

EXHIBIT "D"

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



January 26, 2022

Msp Recovery
2701 S Le Jeune Road 11th Floo
Coral Gables FL 33134

**State Farm Claims**
PO Box 106134
Atlanta GA 30348-6134

RE:    Claim Number:                  ██████████
        Date of Loss:              May 12, 2019
        Our Insured:               ██████████████
        Case Reference #:         ██████████

To Whom It May Concern:

We are in receipt of your letter dated 9/22/2021. Benefits are exhausted; therefore, no payment is being made.

If you have questions or need assistance, call us at (844) 292-8615 Ext. 8633183329.

Sincerely,

Tammy Yon
Claim Specialist
(844) 292-8615 Ext. 8633183329

State Farm Mutual Automobile Insurance Company

Filing # 156219030 E-Filed 08/26/2022 02:51:54 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | CASE NUMBER<br>2022-023758-SP-25 |
|---|---|---|

| PLAINTIFF(S)<br><br>MSP Recovery Claims, Series LLC | VS. DEFENDANT(S)<br><br>State Farm Mutual Automobile Insurance Company | SERVICE |
|---|---|---|

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): _State Farm Mutual Automobile Insurance Company_

_c/o Chief Financial Office_

_200 E. Gaines Street_

_Tallahassee, FL 32399_

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: _Robert R. Jimenez_

whose address is: _Milberg Coleman Bryson Phillips Grossman, PLLC_

_2701 S. LeJune Road, 10th Floor_

_Coral Gables, FL 33134_

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | 33379<br><br>DEPUTY CLERK | DATE<br><br>8/29/2022 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Case 1:22-cv-23016-KMM   Document 1-1   Entered on FLSD Docket 09/20/2022   Page 43 of 49

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| MSP RECOVERY CLAIMS SERIES, LLC | **CASE #:** 2022023758-SP-25 |
| | **COURT:** COUNTY COURT |
| | **COUNTY:** MIAMI-DADE |
| PLAINTIFF(S) | **DFS-SOP #:** 22-000322307 |
| | |
| VS. | |
| | |
| STATE FARM MUTUAL AUTOMOBILE | |
| INSURANCE COMPANY | |
| | |
| DEFENDANT(S) | |
| _____/ | |
| SUMMONS, COMPLAINT, CIVIL COVER SHEET | |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Monday, August 29, 2022 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, August 31, 2022 to the designated agent for the named entity as shown below.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JOHN H. RUIZ
FLORIDA BAR LAWYER
MSP RECOVERY LAW FIRM
2701 S. LEJEUNE RD., 10TH FLOOR
MIAMI, FL 33134

BL1

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☑ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☑ CIVIL | **(a) GENERAL FORMS** | 2022-023758-SP-25 |
| ☐ DISTRICTS | | |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| MSP Recovery Claims, Series LLC | State Farm Mutual Automobile Insurance Company | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): State Farm Mutual Automobile Insurance Company

c/o Chief Financial Office

200 E. Gaines Street

Tallahassee, FL 32399

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Robert R. Jimenez

whose address is: Milberg Coleman Bryson Phillips Grossman, PLLC

2701 S. LeJune Road, 10th Floor

Coral Gables, FL 33134

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | | DATE |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Clerk's web address: www.miami-dadeclerk.com

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**COUNTY CIVIL DIVISION**

CASE NO.: **2022-023758-SP-25**
SECTION: **CG03**

**MSP Recovery Claims, Series LLC**
Plaintiff(s),

vs.

**State Farm Mutual Automobile Insurance Company**
Defendant(s)

_____/

**UNIFORM CASE MANAGEMENT ORDER SETTING PRETRIAL DEADLINES AND RELATED REQUIREMENTS (GENERAL PATHWAY - COUNTY CIVIL PROCEDURE CASES)**

PLAINTIFF SHALL SERVE THIS ORDER UPON A DEFENDANT WITHIN 10 DAYS OF ANY FILING BY THAT DEFENDANT.

ALL PARTIES MUST READ CAREFULLY AS STRICT COMPLIANCE IS MANDATORY.

In compliance with the mandatory requirements of governing Administrative Orders regarding case management, the Court hereby ORDERS as follows:

1. Attorneys are professionally obligated to diligently litigate the case so litigation can conclude as soon as it is reasonably and justly possible. See Florida Rule of General Practice and Judicial Administration 2.545. The specific pretrial deadlines and requirements set forth herein shall be strictly enforced by the Court. Non-compliance with any part of this Order may result in sanctions including, but not limited to, striking of pleadings, monetary sanctions, waiver and/or default. It is on the parties to promptly and timely schedule hearings on filed motions.

2. The deadlines contained in this Order cannot be waived or extended by stipulation of the parties and remain in effect unless the Court grants an enlargement. A motion seeking an enlargement of a particular deadline shall specify detailed reasons for the enlargement and the amount of time requested.

3. In the event parties are unable to coordinate any non-dispositive and non-evidentiary hearing, deposition, or motion within a reasonable period of time (not less than 72 hours) and after 3 documented attempts, the moving party shall unilaterally set the issue for hearing pursuant to divisional instructions to occur no less than 14 days and no more than 45 days after the third attempt.

4. <u>SETTLEMENT:</u>  Counsel shall immediately notify the Court in the event of settlement and submit a Stipulation of Settlement and Order of Dismissal.  Counsel shall also notify the Court of any pending hearings that will be cancelled as a result of the settlement.

5. <u>SERVICE:</u> Plaintiffs shall serve their actions promptly by _____**12-19-2022**_____ and in compliance with Florida Rule of Civil Procedure 1.070. Service issues shall be addressed promptly and with diligence. No extensions pursuant to Florida Rule of Civil Procedure 1.070 shall be granted without specific proof of diligent effort to effect service and a written explanation of what efforts the Plaintiff intends to pursue to effect service successfully, with proposed deadlines. No extension to serve a defendant beyond _____**03-20-2023**_____ shall be allowed.

6. The following litigation deadlines are set:

   a. <u>ADDITION OF ANY NEW PARTIES</u> shall occur by _____**02-17-2023**_____.

   b. <u>FACT WITNESS LIST</u> shall be filed by _____**06-18-2023**_____. The fact witnesses shall be in alphabetical order and contain the names and addresses of all non-expert witnesses. Only those witnesses listed shall be permitted to testify without leave of Court. All witness lists shall include a brief description of the substance and scope of the testimony to be elicited. Within 30 days of discovering previously unknown witnesses, either party may seek leave of Court to amend their submissions, disclosures, or discovery obligations.

   c. <u>EXHIBIT LIST</u> shall be filed by _____**06-18-2023**_____. The Exhibit List shall disclose a list of all documentary and physical evidence intended to be used at trial. Each item shall be specifically described and listed by number and description. Generic descriptions of exhibits are subject to being stricken. All listed exhibits shall have been made available to opposing counsel for examination, initialing, and copying. Parties shall timely amend their exhibit list.

   d. <u>EXPERT WITNESSES</u> shall be disclosed by _____**08-17-2023**_____ with the names and addresses of all the expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5)(A).  This includes disclosing the expert's area of expertise and serving a copy of each expert's reports or answers to expert interrogatories, if a report was prepared and/or expert interrogatories propounded. Each party is limited to one expert per specialty.  No other expert testimony shall be permitted at trial.

   e. <u>FACT AND EXPERT DISCOVERY,</u> including all inspections, depositions, and examinations, shall be completed no later than _____**01-13-2024**_____. Written discovery shall be served no later than _____**12-09-2023**_____. The parties shall timely coordinate the scheduling and setting of depositions for all witnesses and/or parties they intend to depose.

   f. <u>MOTIONS FOR SUMMARY JUDGMENT and DAUBERT MOTIONS</u> shall be filed by _____**10-16-2023**_____ and heard no later than _____**01-13-2024**_____.

   g. <u>OBJECTIONS TO PLEADINGS AND ALL OTHER PRETRIAL MOTIONS</u>, except

for motions in limine, shall be filed by _____**11-14-2023**_____ and heard no later than _____**01-13-2024**_____. Any motion not filed and heard prior to the expiration of this deadline may be deemed waived or denied absent extraordinary circumstances which could not have been prudently anticipated, or by order of the Court entered prior to the expiration of the applicable time limitation.

    h. <u>MEDIATION:</u> Parties are hereby referred to mandatory mediation, which shall be completed no later than _____**01-13-2024**_____. The parties shall comply with Florida Rules Civil Procedure 1.700, 1.710, 1.720, 1.730, and 1.750 as to the conduct of mediation. Plaintiff's counsel is appointed lead counsel to facilitate, mutually coordinate and schedule the mediation conference. Costs of mediation shall be borne equally by both parties. Failure to mediate in good faith may result in the imposition of monetary sanctions.

7. <u>TRIAL:</u> The projected date of trial is _____**02-12-2024**_____. A firm trial date will be ordered by the Court when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440. The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. Failure to do so will not be grounds for a continuance.

8. <u>JOINT PRETRIAL STIPULATION:</u> A Joint Pretrial Stipulation shall be filed by all parties (via counsel of record) no later than _____**01-13-2024**_____. All parties shall cooperate in good faith in preparation of the Joint Pretrial Stipulation. Unilateral pretrial stipulations will not be accepted. The single, unified submission shall contain the following information in separately numbered paragraphs or sections:

    a. <u>Stipulated Statement of Facts</u>:  A list of those facts that can be stipulated to and require no proof at the trial, together with a concise, impartial statement of the facts of the case.

    b. <u>Statements of Disputed Law & Fact</u>:  Those issues of law and fact that are to be tried.

    c. <u>Witness Lists</u>:  Parties shall attach the witness lists filed consistent with Paragraph 6b. and 6d. of this Order, including all rebuttal or impeachment witnesses. If any party objects to any witness, such objections shall be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties shall be strictly limited to witnesses properly and timely disclosed.

    d. <u>Exhibit Lists</u>:  Counsel shall initial each other party's exhibit list and exhibits consistent with Paragraph 6c. of this Order. If any party objects to the introduction of any such exhibit, such objection shall be stated in the Stipulation, setting forth the grounds with specificity. Parties shall attach the final, initialed exhibit lists with objections. Only those exhibits listed and initialed may be offered in evidence.

    e. <u>Jury Instructions</u>:  If the trial is a jury trial, counsel shall identify and attach all agreed upon standard instructions and all special instructions.  Any disputed jury instructions shall be attached and identified as to the party that proposed the instruction, along with copies of supporting case law.

f. <u>Verdict Forms</u>:  If the trial is a jury trial, the proposed jury verdict forms shall be attached and designated as agreed to or disputed.

g. <u>Motions in Limine</u>:  Each party shall make any anticipated motion(s) in limine indicating all stipulations/agreed items and any motion(s) in limine requiring a Court ruling.

h. <u>Trial Estimate</u>:  Each party shall provide an estimate of the number of days for trial.

i. <u>Daubert issues</u>:  All Daubert issues involving any requests for Daubert-related evidence shall be in writing. Failure to do so shall constitute a waiver of any Daubert-related evidence issue.

j. <u>Other issues</u>: The parties shall list any other issue that could potentially take up unnecessary time during the trial to facilitate the resolution of those matters prior to the trial date.

 

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **3rd day of September, 2022** .

2022-023758-SP-25 09-03-2022 3:32 AM

2022-023758-SP-25 09-03-2022 3:32 AM

**Patricia Marino Pedraza**
COUNTY COURT JUDGE

Copies Furnished to:
Electronically Served

Robert Ralph Jimenez, rjimenez@milberg.com
Robert Ralph Jimenez, amkamanga@milberg.com
Mercedes M. Rodriguez, mrodriguez@milberg.com
Mercedes M. Rodriguez, MCBPG_service@firmspro.com